

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| Seecharran Ramlagan, <br><br>                       Plaintiff, <br> -v- <br><br> Chetrit Group LLC, <br><br>                       Defendant. | Civ. Action #: <br><br> **Complaint** <br><br> Date Filed: <br><br> Jury Trial Demanded |

Plaintiff Seecharran Ramlagan, ("Plaintiff"), by Abdul Hassan, his attorney, complaining of the Defendant, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216 (b), that he is: (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, and (ii) entitled to liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including § 216(b)

2. Plaintiff further complains, that he is: (i) entitled to unpaid wages from Defendant for overtime worked for which he did not receive any premium pay; and (ii) is entitled to liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Seecharran Ramlagan ("Plaintiff" or "Ramlagan") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief, Defendant **THE CHETRIT GROUP LLC**, ("Defendant" or "Chetrit Group") is a domestic limited liability company.

9. Upon information and belief, Chetrit Group is organized and existing under the laws of the State of New York and is duly authorized to operate and do business within the State of New York.

10. Upon information and belief, Chetrit Group maintains offices within the State of New York at 404 5th Avenue, 4th Fl, New York, NY 10018.

11. Upon information and belief, Defendant operates numerous buildings and real estate properties throughout New York City and even outside of New York State.

12. "Plaintiff" as used in this complaint refers to the named Plaintiff.

13. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

14. The time relevant herein or all times relevant herein, as to the FLSA cause of action refers to the three-year and two-year period preceding the filing of this action, and as to the New York Labor Law causes of action, refers to the six-year period preceding the filing of this action.

## STATEMENT OF FACTS

15. Upon information and belief, and at all times relevant herein, Defendant is engaged in the business of owning and operating real estate properties and related businesses.

16. Upon information and belief, and at all times relevant herein, Defendant operated its businesses within the New York City area as well as outside the State of New York.

17. Upon information and belief, and at all times relevant herein, Defendant employed more than five persons.

18. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

19. Upon information and belief, and at all relevant times herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, telephone and internet systems.

20. Upon information and belief, and at all relevant times herein, Defendant conducted business with vendors outside the state of New York.

21. Upon information and belief, and at all relevant times herein, Defendant transacted business with entities outside the State of New York.

22. Plaintiff was continuously employed by employed by Defendant from in and around May 2002 to in and around October 2009.

23. At all times relevant herein, Plaintiff was employed by Defendant to perform manual work as

a private driver who transported employees of Defendant and related persons from their offices and/or residence here in New York. As an example, Plaintiff would arrive at the home of one of Defendant's executives in Long Island at 7:30AM, wait for him, then drive him around New York City, then take him back home around 7:30PM or later.

24. As part of his job responsibilities, Plaintiff was required by Defendant to take the company's vehicle to Plaintiff's residence and to care for said vehicle at all hours of the day.

25. Upon information and belief and at all times relevant herein, Plaintiff worked for Defendant from 7:30AM to 7:30PM, five days a week. In addition, Plaintiff would sometimes go beyond 7:30AM and would have to drive the vehicle to his home to park and care for it for the day. Plaintiff would sometimes work on weekends for Defendant.

26. Throughout the period of Plaintiff's employment with Defendant, and/or at all relevant times herein, Defendant paid Plaintiff a maximum of $600 a week in wages.

27. Throughout his employment with Defendant and/or at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendant in some or all weeks, but was not paid at a rate of 1.5 times his regular rate for each hour worked in excess of forty hours in a week.

28. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in each week when such overtime was worked.

## AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

29. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 28 above as if set forth fully and at length herein.

30. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning

of the FLSA 29 U.S.C § 201 et Seq.

31. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

32. At all times applicable herein, Defendant transacted and transact commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

33. At all times applicable herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour he worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

34. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION – Unpaid Overtime
### NEW YORK MINIMUM WAGE ACT NYLL 650 et Seq.

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

37. At all times relevant to this action, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour he worked in excess of forty (40) hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.;

12 NYCRR § 142-2.2.

### Relief Demanded

38. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, twenty-five (25%) percent liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW § 190, 191 and 198

39. Plaintiffs allege and incorporates each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191 and 198 and the applicable regulations thereunder.

41. At all times relevant to this action, Plaintiff was employed by Defendant as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191.

42. Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191 and 198 by failing to pay Plaintiff all his overtime wages (FLSA and NYMWA), and including hours for which no compensation was paid, as required by and within the time specified in NY Labor Law § 190 et seq. specifically including NY Labor Law § 191.

### Relief Demanded

43. Due to Defendant's New York Labor Law Article 6 violations including violation of section 191, Plaintiff is entitled to recover from Defendant, his entire unpaid compensation, plus twenty-five percent liquidated damages given the willful nature of Defendants' violation,

reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

44. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act and the Regulations thereunder.

45. Award Plaintiff his unpaid overtime wages due under the FLSA and NYLL and the Regulations thereunder as well as overtime wages due under Article 6 of the NYLL.

46. Award Plaintiff prejudgement interest on all monies due.

47. Award Plaintiffs any relief requested or stated in the preceding paragraphs but which has not been requested in the PRAYER FOR RELIEF, in addition to the relief requested in the PRAYER FOR RELIEF.

48. Award Plaintiff an additional equal amount as liquidated damages because of Defendant's failure to pay overtime pursuant to 29 U.S.C. § 216 and an additional amount of twenty-five (25) percent as liquidated damages/penalties under Section 663 and Section 198 of New York State Labor Law due to Defendants' willful failure to pay all overtime and regular wages due.

49. Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to applicable laws including the Fair Labor Standards Act 29 USC 216(b), Section 198, 215 of the New York State Labor Law and Section 663 of the New York State Labor Law.

50. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**

March 8, 2010

Respectfully submitted,

*/s/ Abdul Hassan*

By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11432
Tel: (718) 740-1000
Email: abdul@abdulhassan.com